# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY BARCELO, ) | |
| ) | |
| Petitioner, ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | Civil Case No. 12 C 8170 |
| UNITED STATES OF AMERICA, ) | Criminal Case No. 09 CR 0627-1 |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION & ORDER

Petitioner Anthony Barcelo moves the court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He raises three grounds for relief. He first argues that his defense counsel was ineffective, in violation of the Sixth Amendment, for failing to properly counsel him on his guilty plea. Second, he argues that his guilty plea was uncounseled and involuntary. Third, he argues that his plea was coerced and entered under duress. The court concludes that Barcelo's claims lack merit and denies the motion.

### I. BACKGROUND

On August 4, 2009, a grand jury charged Barcelo and a co-defendant with two counts of conspiring to possess and distribute and possessing with the intent to distribute 500 or more grams of substances containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Barcelo submitted to an interview by the government on December 16, 2009. His first attorney, Steven Hunter, withdrew on January 13, 2010, and Charles Aron was appointed as new counsel. Aron represented Barcelo during a second interview with the government on February 22, 2010.

During the interviews, Barcelo admitted distributing more than forty kilograms of cocaine over five years. The meetings with the government did not result in a plea agreement.

Barcelo retained a new attorney, Beau Brindley, who substituted as counsel on April 28, 2010. Barcelo entered a blind plea of guilty on September 15, 2010, to both counts of the indictment. His plea declaration stated that in July 2009, he met with an individual who was a cooperating source for the government. He met the source at a motel, where a co-conspirator gave him a package containing 2014 grams of cocaine. Barcelo was taking the bag to the room where the source was waiting when he heard the police arrive and threw the bag out a motel window.

Barcelo's plea declaration stated that the charges against him were fully explained by his attorney. It further stated that he was not liable for relevant conduct "amounting to approximately 40 KG of cocaine, which would establish a base offense level of 34," when the only evidence of that conduct was based on statements he made during his interviews with the government. (Plea Decl. 4, ECF No. 61.) He further argued that the court should "consider the substantial evidence he . . . provided to the government" during the interview. (*Id.* at 6.)

Although the government first argued that Barcelo should be held accountable for distributing more than forty kilograms of cocaine, the parties ultimately agreed that Barcelo would be held accountable for only four kilograms of cocaine, resulting in a base offense level of 30 and, after a three-level reduction for acceptance of responsibility, an adjusted offense level of 27. At sentencing, the court further reduced the adjusted offense level to 26, yielding a guideline range of 70 to 97 months, and sentenced Barcelo to 70 months' imprisonment, followed by four years of supervised release.

Barcelo appealed. On appeal, he argued that the court failed to consider, at sentencing, his efforts to cooperate with the government. The Seventh Circuit concluded that "the court implicitly considered Barcelo's efforts to cooperate" and affirmed the judgment. *United States v. Barcelo*, 457 F. App'x 582, 583 (7th Cir. 2012). As the Seventh Circuit noted, "[t]he court repeatedly referred to Barcelo's acceptance of responsibility." *Id.* at 585.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a person convicted of a federal crime may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If the petition is successful, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). Post-conviction relief is "an extraordinary remedy" because a petitioner has already "had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Relief "is appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). In deciding a § 2255 motion, the court views the evidence "in a light most favorable to the government." *United States v. Galati*, 230 F.3d 254, 258 (7th Cir. 2000).

# III. ANALYSIS

## A. Ineffective Assistance of Counsel (Ground I)

Barcelo argues that his first appointed attorney, Mr. Hunter, failed to investigate his case or any mitigating factors and instead attempted to persuade him to cooperate with the government. Mr. Hunter promised him, falsely, that he would receive a safety valve reduction for his cooperation pursuant to U.S.S.G. §5C1.2 (although Barcelo's criminal history made him ineligible for such a reduction), and that any conduct he admitted during the interviews could not be used against him at sentencing (although the government made no such promise). Mr. Hunter also told Barcelo that the government would use its "unlimited resources" to assist him and protect him. According to Barcelo, he later discovered that the interviews with the government were not proffer-protected, and the information he provided destroyed his ability to offer a defense to the charges against him.

To establish ineffective assistance of counsel, Barcelo must show that his counsel was deficient and that this deficiency prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A failure to establish either element dooms his claim. *Gant v. United States*, 627 F.3d 677, 682 (7th Cir. 2010) (citing *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [the defendant] would not have pleaded guilty." *Galbraith v. United States*, 313 F.3d 1001, 1008 (7th Cir. 2002).

The court addresses the prejudice prong first. Barcelo cannot establish prejudice because he cannot demonstrate that, but for Mr. Hunter's deficient performance, he would not have pleaded guilty. First, at the time he entered the blind plea, he was represented not by Mr. Hunter, but by a different attorney, Mr. Brindley. Before Mr. Brindley, he was represented by Mr. Aron,

4

who was his attorney at the time of his second interview with the government. He raises no challenge to Mr. Brindley's performance, nor does he discuss Mr. Aron's performance with respect to the first ground of his petition.

Second, Barcelo does not actually argue that, were it not for Mr. Hunter's ineffective assistance, he would not have entered a plea. Rather, he argues that the interviews with the government compromised his defense—although he does not explain how or why—and contends that he would not have attempted to make a proffer to the government were it not for the false promises of his counsel. These arguments are insufficient to make the required showing that, but for his counsel's deficient performance, he would not have pleaded guilty.

The court further notes that nothing Barcelo told the government during the two interviews was actually used against him at sentencing. Although the government at first argued that Barcelo should be sentenced based on the forty kilograms of cocaine he admitted during the interviews that he had distributed, it ultimately agreed that he should be held accountable for only four kilograms of cocaine. The parties agreed on a guidelines range of 78 to 97 months, based on an adjusted offense level of 27 and a criminal history category of II. And, as the Seventh Circuit concluded, the court gave Barcelo the benefit of his attempts to cooperate with the government by further reducing his adjusted offense level to 26 and sentencing him to 70 months, the low end of the resulting guideline range. As Barcelo cannot establish that he was prejudiced by his counsel's ineffective performance, his first ground for relief fails.

**B. Voluntariness of the Plea and Coercion/Duress (Grounds II & III)**

Barcelo next argues, in two interrelated grounds for relief, that his plea was not voluntary and that he pleaded guilty under duress because of the false promises Mr. Hunter made to him. Barcelo contends that Mr. Hunter told him that he would qualify for a safety valve reduction by

5

cooperating with the government and that he risked nothing by cooperating. He further alleges that Mr. Hunter threatened to abandon him if he did not cooperate with the government and promised him that the government would protect him and help him to relocate if he did cooperate. When no favorable arrangement resulted from his interviews with the government, the allegedly corrupt conduct of his counsel left Barcelo in a compromised position, with little choice but to plead guilty.

The government argues that Barcelo did not raise these arguments on direct appeal, and that they are procedurally defaulted as a result. The court agrees that it may not "reach the merits of an appealable issue in a section 2255 proceeding unless that issue has been raised in a procedurally appropriate manner." *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). The court may not review a claim that could have been raised on direct appeal unless the petition can make a showing of "good cause for and prejudice from the failure to appeal." *Id*.

Barcelo could have argued on direct appeal that his plea was involuntary and was induced by coercion or duress. Instead, the only issue he raised on appeal was that the court failed to consider his arguments at sentencing. He offers no explanation as to why he could not raise the arguments presented here on appeal, nor does he make the required showing of actual prejudice from the alleged errors. The court's review of these grounds for relief is thus precluded.

### IV. CERTIFICATE OF APPEALABILITY

Unless this court issues a certificate of appealability, an appeal may not be taken from the court's order in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c). Courts may grant a certificate of appealability only when the petitioner has presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a

different manner or that the issues presented are adequate to entitle the petitioner to proceed further with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could conclude that Barcelo was prejudiced by his first appointed counsel's advice that he should participate in interviews with the government because he has made no showing that he would not have pleaded guilty were it not for his counsel's conduct. Furthermore, no reasonable jurist could conclude that Barcelo's additional claims were not procedurally defaulted because he failed to raise them on appeal. The court therefore declines to issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, Petitioner Anthony Barcelo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied with prejudice. The clerk is directed to enter judgment against Barcelo and in favor of the Respondent, the United States. The court declines to issue a certificate of appealability.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: January 30, 2014